UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GIANCARLOS ANDRES BALBOA
FLORES, A 241-685-573,

Petitioner,

v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY, et al.,

Respondents.

No.  2:26-cv-00496-DC-CKD (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS

(ECF Nos. 7, 11)

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 13, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 11.) On April 20, 20206, Respondents filed objections to the findings and recommendations. (ECF No. 12.) Respondents object "for the same reasons advanced in Respondents' earlier filing." (*Id.*) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously

1

released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 11) are ADOPTED in full;

2. Respondents' motion to dismiss (ECF No. 7) is DENIED;

3. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED;

4. The preliminary injunctive relief previously granted (ECF No. 9) is made permanent; and

/////

/////

/////

/////

/////

2

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **April 22, 2026**

_____
Dena Coggins
United States District Judge